# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| AL PHILLIPS and BARBARA PHILLIPS, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 12 C 9895 |
| ) | |
| CITY OF CHICAGO and OFFICER ) | |
| GREGORY PETIGREW, individually and ) | |
| in his official capacity as a ) | |
| CITY OF CHICAGO POLICE OFFICER, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM OPINION**

Before the court is the defendants' motion to dismiss Counts I and III of plaintiffs' complaint. For the reasons explained below, we grant the defendants' motion.

## **BACKGROUND**

On December 1, 2012, a neighbor told plaintiff Al Phillips that a police officer was ticketing his car in front of his home. (Second Am. Compl. ¶ 8.)[1] Phillips left his home from the rear of his property through a driveway gate to speak with the officer, defendant Gregory Pettigrew. (Id. at ¶ 12.) Phillips's dog — a 7-month-old miniature bull terrier — followed Phillips through the open gate. (Id. at ¶ 15.) Phillips alleges that Pettigrew

---

[1] We recount here only those allegations that are relevant to Counts I and III of the plaintiffs' complaint, which are the subject of the defendants' motion. Also, we will construe the defendants' motion as directed to the Second Amended Complaint, which is now the operative complaint in this case.

unholstered his gun and shot at the dog, twice, even though it was not acting in a threatening manner. (Id. at ¶¶ 15-16, 18.) The dog was "hit by either ricochet or shrapnel" and ran from the scene. (Id. at ¶ 19.) It was found several blocks away and taken for emergency veterinary care. (Id. at ¶ 19.) Meanwhile, Pettigrew reholstered his gun and resumed writing the parking ticket. (Id. at ¶ 20.) Mr. Phillips and his wife — Barbara Phillips — have sued the defendants for, among other things, excessive force (Count I) and violation of their rights to due process (Count III). The defendants have moved to dismiss those claims pursuant to Rule 12(b)(6).

## **DISCUSSION**

The purpose of a 12(b)(6) motion to dismiss is to test the sufficiency of the complaint, not to resolve the case on the merits. 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356, at 354 (3d ed. 2004). To survive such a motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 556 (2007)). When evaluating a motion to dismiss a complaint, the court must accept as true all

factual allegations in the complaint. Iqbal, 129 S. Ct. at 1949. However, we need not accept as true its legal conclusions; "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555).

**A. Excessive Force**

The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . ." U.S. Const. amend. IV. "Pets are 'effects' for purposes of the Fourth Amendment." Taylor v. City of Chicago, No. 09 CV 7911, 2010 WL 4877797, *2 (N.D. Ill. Nov. 23, 2010) (citing Viilo v. Eyre, 547 F.3d 707, 710-11 (7th Cir. 2008)). So, a police officer who unreasonably kills or maims a person's pet violates that person's Fourth Amendment rights. See Viilo, 547 F.3d at 710; see also Taylor, 2010 WL 4877797, *2. Consistent with these authorities, the plaintiffs have alleged in Count II that Pettigrew violated their Fourth Amendment rights against unlawful seizures when he unreasonably shot and injured their dog. (See Second Am. Compl. (Count II – "FOURTH AMENDMENT – ILLEGAL SEIZURE").) The defendants have not moved to dismiss that claim. However, the plaintiffs have also asserted a § 1983 claim for excessive force stemming from the same incident. In Taylor, the plaintiffs alleged that they saw the defendant police officer shoot and injure their dog. See Taylor,

2010 WL 4877797, *4. The <u>Taylor</u> court rejected their excessive-force claim as unsupported by any relevant case law. <u>See</u> <u>id.</u> ("Plaintiffs have not presented, and the court is unable to find, any case allowing a person to maintain a vicarious constitutional claim for witnessing the alleged excessive use of force on another or an owner to maintain a constitutional claim for the use of force on his or her property."). The plaintiffs argue that <u>Taylor</u> is distinguishable because the plaintiffs in that case were not charged with, or suspected of, any wrongdoing at the time of the shooting. <u>See</u> <u>Taylor</u>, 2010 WL 4877797, *1 (the plaintiff alleged that the defendant officer was responding to a 911 call about a loose dog). They were merely witnesses to the shooting, whereas Pettigrew fired his gun in the course of serving a parking ticket on Mr. Phillips. (<u>See</u> Pls.' Resp. at 6 (stating that Pettigrew violated Mr. Phillips's right "to be free from police gunfire as he receives a parking ticket.").) The problem with this argument is that the plaintiffs allege that the force was directed entirely at the dog, not Mr. Phillips. In that sense, Mr. Phillips was a bystander like the plaintiffs in <u>Taylor</u>.[2]

The plaintiffs argue that they can state a claim for excessive force even if the force was directed at someone other than themselves, citing <u>Motley v. Parks</u>, 432 F.3d 1072 (9th Cir. 2005)

---

[2]  Barbara Phillips is even more removed — she does not allege that she even saw the shooting.

(*overruled on other grounds by* United States v. King, 687 F.3d 1189, 1189 (9th Cir. 2012) (*per curiam*)).[3] The plaintiff in Motley alleged that police officers illegally searched her home and unreasonably pointed a gun at her five-week old son during the search. Id. at 1088-89. The Motley court held that this allegation stated a § 1983 claim for excessive force. Id. at 1089 (citing McDonald by McDonald v. Haskins, 966 F.2d 292, 294 (7th Cir. 1992)). But it is unclear from the Motley court's opinion whether the mother filed the excessive-force claim on her own behalf, on behalf of her infant son, or both. Cf. Motley, 432 F.3d at 1077 (stating that Motley filed her claims on behalf of herself and her son without stating in what capacity she filed particular claims). If the mother filed the claim as her son's representative, then Motley is a straightforward excessive-force case and does not support the plaintiffs' claim. Given this ambiguity, we do not believe that Motley supports the plaintiffs' novel theory. We also note that the excessive-force claim in McDonald, the case that Motley cited to support its reasoning, was

---

[3] In fact, the plaintiffs cite the panel's decision in Motley v. Parks, 383 F.3d 1058 (9th Cir. 2004), (see Pls.' Resp. at 6), which was superseded by the *en banc* opinion cited in the main text here. The plaintiffs also cite Russell v. City of Chicago, Case No. 10 C 525 (N.D. Ill. 2010), a case in which at least one of the defendant officers (represented by attorneys also representing the City of Chicago) answered allegations similar to the allegations in this case. The plaintiffs have not established, nor attempted to establish, the elements of judicial estoppel. See, e.g., Urbania v. Central States, Southeast and Southwest Areas Pension Fund, 421 F.3d 580, 589 (7th Cir. 2005) (For judicial estoppel "[t]o apply, (1) the latter position must be clearly inconsistent with the earlier position; (2) the facts at issue must be the same in both cases; and (3) the party to be estopped must have prevailed upon the first court to adopt the position."). So, Russell is irrelevant.

filed by the mother of a nine-year old boy threatened by police officers to vindicate *his* rights. See McDonald, 966 F.2d at 292 (indicating in the case caption that the sole plaintiff was the child appearing through his mother as next friend). Finally, the plaintiffs will not be left without a remedy if we do not recognize their claim for "vicarious excessive force." As we said before, the plaintiffs have also filed a Fourth Amendment claim for unreasonable seizure of their property. See Taylor, 2010 WL 4877797, *2. The plaintiffs' excessive-force claim (Count I) is dismissed.

**C. Due Process (Count III)**

The plaintiffs have agreed to withdraw their due-process claim in light of Taylor. (See Pls.' Resp. at 7); see also Taylor, 2010 WL 4877797, *4 (holding that the Fourth Amendment, not the Fourteenth, governs claims against state actors for injuries to a pet).

**CONCLUSION**

The defendants' motion to dismiss Counts I and III of the plaintiffs' complaint [16] is granted. Counts I and III of the plaintiffs' Second Amended Complaint are dismissed with prejudice.

DATE:     September 5, 2013

ENTER:    _____
          *(signed) John F. Grady*

John F. Grady, United States District Judge